UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
_____
UNITED STATES OF AMERICA    )
            Plaintiff.      )   NO: 3:06cr55(JCH)
                            )
vs.                         )   February 7, 2007
                            )
SONNY I SZETO              )
            Defendant.      )
_____
```

915 Lafayette Boulevard
Bridgeport, Connecticut

TELEPHONIC STATUS CONFERENCE

B E F O R E:
       THE HONORABLE JANET C. HALL, U.S.D.J.

A P P E A R A N C E S:

For the Plaintiff   :   JAMES K. FILAN, JR.
                                   Pepe & Hazard - Southport
                                   30 Jelliff Lane
                                   Southport, CT 06890-1436

For the Defendant   :   ROGER LEE STAVIS
                                   Gallet Dreyer & Berkey LLP
                                   845 Third Ave., 8th Fl.
                                   New York, NY 10022-6601

Court Reporter   :   Terri Fidanza, RPR

Proceedings recorded by mechanical stenography, transcript produced by computer.

1           THE COURT: Good afternoon. This is Judge Hall
2  speaking.
3           MR. FILAN: Jim Filan for the U.S. Attorney's
4  Office.
5           MR. STAVIS: Roger Stavis.
6           THE COURT: I had wanted to have a quick
7  telephone conference this afternoon. I have gone ahead
8  and scheduled the sentencing. I want to be sure there
9  wasn't anything about the case that I needed to know
10  given that I have just had it transferred to me so I
11  don't have any background with it. When I scheduled the
12  telephone conference, I decided I would set a date for
13  sentencing which if it is appropriate, we can reschedule.
14  I wanted to have a date so I guess I will start with the
15  government. Attorney Filan, is there anything I should
16  know about the case or anything why we can't do the
17  sentencing on Monday?
18           MR. FILAN: No reason that I know. I know there
19  are a couple issues that Mr. Stavis plans to raise
20  regarding the guidelines but the government is aware of
21  those and is prepared to submit a brief tomorrow on those
22  issues.
23           THE COURT: Attorney Stavis.
24           MR. STAVIS: There are two issues under the
25  sentencing guidelines both concerning upward adjustments

1  based on certain circumstances, whether they are present
2  or not present in the case. Also there is a
3  psychological report from a clinical professor of
4  psychiatry. I don't know if your Honor has that with the
5  file.
6              THE COURT: Hold on a moment. I don't think I
7  have seen it. I apologize. It is in the file. It is in
8  my work file but I have not read it but obviously I will
9  read it before the sentencing.
10             MR. STAVIS: Yes. To cut to the chase, we can
11  litigate all of these issues and raise them so that the
12  record is full when your Honor is prepared to impose
13  sentence and we can do that in the short time that's
14  afforded to us if that's the Court's wish.
15             THE COURT: I guess my concern is if there
16  are -- I don't know. You haven't told me what the issues
17  are. Normally we get a brief. Now I guess I haven't
18  allowed enough time for you to file a brief. Under the
19  local rules, you are entitled to 10 days. I'm sure I
20  haven't got a brief yet. I don't think I have seen a
21  brief anyways. I'm not sure what the issues are and
22  whether you wish to file a written memorandum or whether
23  you wish to present them at trial or how you intended to
24  go.
25             MR. STAVIS: It was my intention to file a

written -- the form I was going to use but I would be bound by whatever your Honor rule was. I was going to write a letter brief to the Court. I can have that brief to the Court in an expedited fashion. The issues are very serious and the guidelines even if I prevail on my issues is a very heavy sentence.

    THE COURT: I have read the Presentence Report already. Obviously I don't know if the guidelines are correct. I guess it would be helpful if you can tell me what you think is incorrect about the guidelines.

    MR. STAVIS: Yes. What I think is incorrect about the guidelines is the first one an adjustment under 2G1.322B.

    THE COURT: That's paragraph 26 of the report that he unduly influenced the minor.

    MR. STAVIS: Correct. There's a rebuttable presumption based on the age differential between the two. Between the defendant and the minor victim.

    THE COURT: How is it getting rebutted here? Are you putting on a record or am I relying on the Presentence Report?

    MR. STAVIS: Based on the facts contained in the Presentence Report. In other words, the victim is of a very young age but her age alone the law protects her based on her on her age. She's incapable of consenting.

```
 1    The standard I would give your Honor, the cases focusing
 2    on the individual facts and circumstances I believe I
 3    need to flush out.
 4            THE COURT:  There was a second one you
 5    mentioned.
 6            MR. STAVIS:  Yes, the side one, your Honor, is
 7    that my client is indicted for using an interactive
 8    computer service in Count One and there's an enhancement
 9    for using an interactive computer service so I have a
10    double counting issue under the guidelines.
11            THE COURT:  Where am I counting?
12            MR. STAVIS:  I will give you the paragraph, your
13    Honor.  Page 5, paragraph 27.
14            THE COURT:  27 use of a computer.
15            MR. STAVIS:  His crime is using a computer.
16            THE COURT:  But the guideline, the base offense
17    guideline to which the enhancement is being worked is
18    apparently and I haven't checked the guidelines yet
19    because I don't have any briefs.  It appears if the
20    guideline is based upon an offense of travel to engage in
21    prohibited sex so that guideline doesn't have in it use
22    of the computer, does it?  The crime does but we're
23    talking about guideline calculation.  That's all right.
24    I asked you to tell me what your points were and we'll
25    take a look at your brief and have a discussion with the
```

```
 1   government as well as to point of view on these.
 2            MR. STAVIS:  I have to certainly flush out for
 3   the court the report of my psychiatrist and how my
 4   client's psychological condition is directly related to
 5   the offense of conviction and how that's a 3553 factor
 6   for the court.
 7            THE COURT:  As a factor, not as a departure
 8   under diminished mental capacity?
 9            MR. STAVIS:  No.
10            THE COURT:  You are not going to claim his
11   condition caused him to do the crime?
12            MR. STAVIS:  Not as a departure but that's one
13   of several factors.
14            THE COURT:  That would obviously be a factor
15   under 3553.
16            MR. STAVIS:  I may be giving your Honor some
17   indication that there are some issues.  I'm not saying.
18            THE COURT:  How much time do you want to brief
19   them?  I know you say you can do it quickly.  What would
20   you prefer?  How much time would you prefer to have to
21   get your memorandum in?
22            MR. STAVIS:  If I could have it Federal
23   Expressed to you for delivery on Friday, I can do that.
24   But that still makes a Monday sentence very --
25            THE COURT:  No, I think that's not a good idea.
```

```
 1              MR. STAVIS:  I'm not saying I need an additional
 2    month.  Maybe an additional week or something.
 3              THE COURT:  Let me take a look at my calendar.
 4    Are you folks available the morning of the 17 of
 5    February?
 6              MR. FILAN:  I'm not, your Honor.
 7              THE COURT:  How about say 11:00 on the 14th.
 8              MR. FILAN:  I'm in the grand jury in New Haven
 9    all day on Wednesday the 14th and most of the day on the
10    15th.
11              THE COURT:  That's not going to work.  I'm
12    available on the 16th.
13              MR. FILAN:  I'm not.
14              THE COURT:  I can do it the afternoon of the
15    13th but I think that's compressing it too much so.
16              This is going to get ugly.  What I was trying to
17    avoid is we'll be doing this sentence at 4:00 after a
18    trial day which is probably not a good time.
19              MR. FILAN:  Is your Honor available the
20    following week?
21              THE COURT:  No.  I'm out of district the whole
22    week.
23              MR. STAVIS:  Is there any reason why the week
24    after that is unavailable the 26th.
25              THE COURT:  I have a trial starting then for I
```

```
 1   don't know how many weeks.  We'll have to do the
 2   sentencing at 4:00 in the afternoon is generally not
 3   preferable but we'll have to do it.
 4             MR. STAVIS:  Is it possible to do a sentencing
 5   before the trial?
 6             THE COURT:  No.  I start at 9:00 with trials.  I
 7   think I only have one case for jury selection.  Hold on a
 8   minute.
 9             MR. STAVIS:  What days were you unavailable,
10   Mr. Filan?
11             MR. FILAN:  I'm unavailable on the 14 and 15.
12             MR. STAVIS:  All day?
13             MR. FILAN:  All day.
14             THE COURT:  How about March 6 at quarter to
15   four.
16             MR. STAVIS:  Yes, your Honor.
17             MR. FILAN:  I'm available that day.
18             THE COURT:  All right.  That's when it will be.
19   There will be a calendar going out.  You obviously don't
20   have get me the memo by Friday but please know, Attorney
21   Stavis, our local rule requires you to have it in 10 days
22   before the sentencing.  That's calendar days.  That works
23   to a lawyer's advantage in this case two weeks before the
24   sentencing.
25             MR. STAVIS:  Yes, your Honor.
```

```
 1              THE COURT:  Then Attorney Filan yours
 2    technically is only in three days before but it sounds
 3    like you are ready to go so I appreciate if you would
 4    respond to the defendant as soon as possible.
 5              MR. STAVIS:  I don't know what the custom is.
 6    I'm not that often in your court.  Is the custom a letter
 7    brief or some other form?
 8              THE COURT:  It is usually a memorandum.
 9              MR. STAVIS:  In the form of a memo?
10              THE COURT:  Yes, concerning sentencing.
11              MR. STAVIS:  I'll CMECF file it and send a
12    courtesy copy to chambers.
13              THE COURT:  Yes.
14              MR. FILAN:  Did your Honor say 4 p.m.?
15              THE COURT:  3:45.  I should tell you that I
16    received a letter from the victim's father or at least a
17    person who claims he's the victim's father and does not
18    appear that Attorney Stavis has received it.  Attorney
19    Filan, you got it?
20              MR. FILAN:  I can fax it to Mr. Stavis.
21              THE COURT:  Thank you.  Obviously the court I
22    have to consider it but I will consider it at the time of
23    sentencing.  Do you know whether the victim or anyone on
24    behalf of the victim intends to speak at the time of
25    sentencing, Attorney Filan?
```

1     MR. FILAN:  I think that the victim's father
2  intends to speak on her behalf.
3     THE COURT:  I don't need to tell you, obviously
4  I think it is your responsibility to make sure that I'm
5  going to ask you if you have done this that the victim
6  has been advised of the right to speak.  And you will
7  remind if they are there, if they want to speak.
8     MR. FILAN:  I will do that.
9     THE COURT:  Anything else that the court should
10 address on this case at this time?
11    MR. FILAN:  No, your Honor.
12    MR. STAVIS:  No.
13    THE COURT:  Thank you both very much.
14    (Whereupon, the above proceeding adjourned at
15 2:41 p.m.)

```
 1
 2
 3    COURT REPORTER'S TRANSCRIPT CERTIFICATE
 4    I hereby certify that the within and foregoing is a true
 5    and correct transcript taken from the proceedings in the
 6    above-entitled matter.
 7
 8    _____
 9    Terri Fidanza, RPR
10    Official Court Reporter
11
12    DATE_____
13
14
15
16
17
18
19
20
21
22
23
24
25
```