
CONN/NHCt
06-CR-55
Hall

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty-sixth day of September two thousand and eight.

PRESENT:

> JOSÉ A. CABRANES,
> REENA RAGGI,
> JANE R. ROTH,*
> > *Circuit Judges.*

UNITED STATES COURT OF APPEALS
FILED
SEP 2 6 2008
Catherine O'Hagan Wolfe, Clerk
SECOND CIRCUIT

----------------------------------------------x

UNITED STATES OF AMERICA,

> *Appellee,*

v.                                              No. 07-1161-cr

SONNY I. SZETO,

> *Defendant-Appellant.*

----------------------------------------------x

---

*The Honorable Jane R. Roth, of the United States Court of Appeals for the Third Circuit, sitting by designation.

1

**FOR DEFENDANT-APPELLANT:**    DONNA NEWMAN (Roger L. Stavis, *of counsel*, Gallet Dreyer & Berkey, LLP), New York, NY.

**FOR APPELLEE:**    PAUL MURPHY, Assistant United States Attorney (Kevin J. Connor, United States Attorney, *on the brief*, James K. Filan, Jr., William J. Nardini, Assistant United States Attorneys, *of counsel*), Office of the United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-appellant Sonny Szeto appeals from a sentence imposed by the District Court following his guilty plea to using an interstate facility to engage in sexual activity with a minor, in violation of 18 U.S.C. § 2422(b), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). On March 6, 2007, the District Court sentenced Szeto to a term of 168 months' imprisonment and a lifetime of supervised release. On appeal, Szeto claims that (1) the District Court committed error when it determined that his sentence should be enhanced two levels for exercising undue influence over the eleven-year-old victim; and (2) that the District Court's imposition of a 168-month sentence was unreasonable. We assume the parties' familiarity with the facts and procedural history, though we revisit key portions of that history here.

Szeto argued that because the victim initiated some of the Instant Message chats and telephone calls, and because she had sent him pictures of herself using a WebCam, the victim's behavior was voluntary, and accordingly his influence over her did not "compromise[ ] the voluntariness of [the victim]'s behavior." Sentencing Guideline § 2G1.3 cmt. n.3. At the sentencing hearing, Judge Hall noted that the Sentencing Guidelines have created a rebuttable presumption of undue influence in situations in which the participant is at least ten years older than the minor,[1] which applied in the instant case. The District Court then found, after articulating its thorough analysis of the record, that Szeto had not defeated the presumption of undue influence. After fully considering the factors under 18 U.S.C. § 3553(a), the District Court sentenced Szeto to 168 months' imprisonment—the bottom of the range provided by the Sentencing Guidelines—followed by a lifetime term of supervised release.

---

[1] Section 2G1.3, Application Note 3 reads, in part: "In a case in which a participant is at least 10 years older than the minor, there shall be a rebuttable presumption, for purposes of subsection (b)(2)(B), that such participant unduly influenced the minor to engage in prohibited sexual conduct."

An application of a provision of the Sentencing Guideline that hinges on a District Court's factual determinations will be reviewed for clear error. *See United States v. Fuller*, 426 F.3d 556, 562 (2d Cir. 2005). Upon a review of the record, we find no error—much less clear error—in the District Court's determination that Szeto exercised undue influence over his eleven-year-old victim. Accordingly, we reject defendant's claim.

As to the claim that Szeto's sentence was unreasonable, we note that reasonableness review is meant to be the same review we undertake for abuse of discretion. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007). Again, upon a review of the record, we find no error—much less an abuse of discretion—in the District Court's sentence of 168 months' imprisonment.

Upon a review of the record and the arguments of counsel, we reject defendant's remaining arguments as lacking in merit.

## **CONCLUSION**

We reject all of defendant's claims on appeal. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By: *Richard Alcantara*

Richard Alcantara, Deputy Clerk

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk

by *[signature]*

DEPUTY CLERK