UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| VS. | : | Docket No. 3:06CR55-1 (JCH) |
| SONNY I. SZETO | : | September 2, 2011 |

UNITED STATES' MOTION FOR RECONSIDERATION
OF ORDER (DOCKET ENTRY NO. 81)

The United States hereby respectfully requests that this Court reconsider its recent Order (docket entry no. 81) which granted the Surety's Motion for Return of Bond. The Surety's Motion was filed on August 10, 2011 (docket entry no. 80), and pursuant to L.Civ.R. 7(a)1, the United States is entitled twenty-one days to file a response. The United States requests reconsideration pursuant to L.Civ.R. 7(c), so that this Court may consider its following response.

The United States hereby respectfully objects to the Surety's Motion for Return of Bond, based upon the following reasons.

I. *Background*

An Appearance Bond was approved by this Court on March 13, 2006, and provided in relevant part that the Surety, David Szeto, post real property to secure the Defendant's appearance bond (docket entry no. 17). The appearance bond also provided that the Defendant appear at all court proceedings and comply with certain conditions of release. This Court's docket does not indicate any violations of the conditions of release, and indeed Defendant Szeto was sentenced on March 6, 2007. Nonetheless, the United States opposes the granting of the Surety's motion for return of bond to the Surety two reasons.

## II. *Argument*

First, pursuant to Fed.R.Crim.P. 46(g), a District Court "must exonerate the surety" once the bond conditions have been satisfied. The *pro se* Surety's recent motion did not seek exoneration of the bond as relief, but rather "a return of the Appearance Bond and a declaration that its provisions are void." Thus, while the United States has no objection to this Court exonerating the Surety (as it must do pursuant to Rule 46(g)), it does not agree that the bond itself should be considered void.

Second, it appears that the ultimate relief that the Surety is seeking is to regain unencumbered title to the real property used to secure the appearance bond. *See* Paragraph 6 of the Surety's Motion. In order to secure the subject property for purposes of the criminal appearance bond, the United States would have required the Surety to record on the appropriate land records a mortgage deed given by the Surety to the United States (as mortgagee), or other similar instrument, in order to encumber the subject property. The bond package held by the Clerk of Court and requested by the Surety should contain the recorded mortgage deed, and other supporting bond documents. Providing the original recorded mortgage deed to the Surety will not effectuate the release of the deed from the land records. More importantly, the mortgage deed was given to the United States, is part of the United States' records, and should be returned to the United States.

In order to release the United States' encumbrance on the subject property and provide the relief that the Surety seeks, the United States will issue a Release of the mortgage deed and deliver it to the Surety. In order to prepare the Release however, the United States needs the recorded mortgage deed (or a copy thereof), to include the recording information in its Release.

### III. Conclusion

Accordingly, the United States respectfully requests the following relief. First, that its motion for reconsideration with respect to this Court's Order (docket entry no. 81) be granted. Second, to the extent that the *pro se* Surety's Motion is construed as a motion to exonerate the bond in accordance with Fed.R.Crim.P. 46(g), the United States does not oppose the granting of said motion. Third, in the event that the bond is exonerated, the United States requests that the Clerk be directed to return the bond package to the United States. Upon receipt of the bond package, and assuming this Court has exonerated the bond, the United States will then prepare a release of its encumbrance(s), and forward the release to the Surety for recording.

Based upon all of the foregoing reasons, and in the interest of justice, the United States respectfully requests that this motion be granted.

Respectfully submitted,

David B. Fein
United States Attorney

/s/

Christine Sciarrino
Assistant United States Attorney
United States Attorney's Office
157 Church Street, 23rd Floor
New Haven, CT 06510
(203) 821-3780/Fax: (203) 773-5392
Federal No. CT03393
Email: Christine.Sciarrino@usdoj.gov

Certification

I hereby certify that on September 2, 2011, a copy of the foregoing Motion was filed electronically and served by mail to anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/

Christine Sciarrino
Assistant United States Attorney