UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| VS. | : | Docket No. 3:06CR55 (JCH) |
| SONNY I. SZETO | : | April 12, 2013 |

UNITED STATES' MEMORANDUM
IN OPPOSITION TO DEFENDANT'S MOTION
PURSUANT TO FED.R.CIV.P. 60(b) (Doc. No. 91)

The United States hereby objects to Defendant Sonny I. Szeto's pending motion, filed pursuant to Fed.R.Civ.P. 60(b). Based upon the following reasons, the Defendant's motion should be denied with prejudice.

## I. *Introduction*

Defendant Szeto pled guilty on June 26, 2006 to charges of use of an interstate facility to engage in sexual activity with a minor, and possession of child pornography. Sentence was imposed by this Court on March 12, 2007, which included a 168-month period of incarceration, followed by lifetime supervised release. (Doc. no. 61).

Defendant Szeto appealed[1] his sentence on two grounds, first challenging a two level enhancement and second, that the sentence was unreasonable. The Second Circuit rejected Defendant Szeto's arguments, and affirmed this Court's sentence by mandate issued on October 17, 2008. Defendant Szeto then commenced a civil action[2] seeking to vacate his criminal sentence pursuant to 28 U.S.C. § 2255. Defendant Szeto's motion to vacate raised two claims— that the Defendant was entitled to be personally sentenced by the Judge who was initially

---

[1] *United States v. Sonny I. Szeto*, docket no. 07-1161-cr.
[2] *Sonny I. Szeto v. United States*, docket no. 3:09CV1443 (JCH).

assigned to the criminal matter (Hon. Peter C. Dorsey, U.S.D.J.); and that his appellate counsel failed to raise this claim on appeal.

This Court denied Defendant Szeto's motion to vacate on March 29, 2010. (Doc. no. 25, docket no. 3:09CV1443 (JCH)). Defendant Szeto moved pursuant to 28 U.S.C. § 2253(b) for the Second Circuit to authorize an appeal[3] of this Court's Ruling. The Second Circuit denied the motion on December 9, 2010 due to Defendant Szeto's failure to make a substantial showing of the denial of a constitutional right, and denied the request for appeal. Defendant Szeto then sought an order from the Second Circuit authorizing a second, successive Section 2255 claim[4]. The Second Circuit denied Defendant Szeto's request on January 12, 2012[5] due to the Defendant's failure to demonstrate that his proposed second Section 2255 motion would be based on a new rule of constitutional law or newly discovered evidence.

## II.     *The Pending Motion for Relief from Judgment*

Defendant Szeto's latest challenge to his criminal sentence is his pending "Motion Pursuant to Federal Rules of Civ. Procedure 60(b)" (doc. no. 91), filed February 13, 2013. Defendant Szeto now claims to offer "new evidence" consisting of a 2011 decision from the United States District Court for the Eastern District of New York, styled *United States v. C.R.*, 792 F.Supp.2d 343 (E.D.N.Y. 2011)[6]. Defendant Szeto contends that the offenses committed by Defendant C.R. were similar to Defendant Szeto's offenses, but that the sentence imposed by the District Court for the Eastern District of New York was less severe than the sentence imposed by

---

[3] *Sonny I. Szeto v. United States*, 10-2614-pr.
[4] Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) under which sentence was imposed upon Defendant Szeto, second or successive *habeas* petitions are restricted, and must first be authorized by the Second Circuit before filing. *See* 28 U.S.C. § 2255(h).
[5] *Sonny I. Szeto v. United States,* 11-4537-op.
[6] Defendant Szeto did not provide this full citation in his motion. Undersigned counsel believes that this is the correct citation to the case relied upon by Defendant Szeto based upon statements and quotations that were included in the Defendant's motion. The Eastern District of New York's docket number for *United States v. C.R.* is 1:09CR155 (JBW). Significantly, the United States has appealed the judgment in *United States v. C.R.* and the appeal is pending, styled *United States v. C.R.*, 11-2826.

this Court.  Defendant Szeto asserts that this Court should adopt the sentence imposed in *United States v. C.R.*, 792 F.Supp.2d 343 (E.D.N.Y. 2011) as controlling "new evidence", and impose that same sentence on Defendant Szeto.

Defendant's motion for relief is both substantively and procedurally deficient.  As explained below, this motion should be denied.

### III.     *Rule 60(b) Motion is an Attack on Underlying Criminal Case*

Defendant Szeto's Rule 60(b) motion (filed in his *criminal* case) is nothing more than another thinly disguised attack on the term of incarceration imposed in the underlying criminal case.  In this situation, a District Court is presented with two procedural options.  The first option is to treat the Rule 60(b) motion as a second or successive *habeas* petition.  The second option is to deny the portion of the motion that attacks the underlying conviction as beyond the scope of Rule 60(b).  *See United States v. Zebrowski*, Docket No. 3:99CR112 (JCH), 2009 WL 641246, *2, (D. Conn., Feb. 3, 2009), *citing Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004) (internal citations omitted).

Should this Court construe Defendant Szeto's Rule 60(b) motion as a successive *habeas* petition, then pursuant to 28 U.S.C. § 2255(h)(1) the motion could be allowed if it contains newly discovered evidence that if proven, no reasonable factfinder would have found Defendant Szeto guilty.  As noted above, Defendant Szeto's Rule 60(b) motion alleges the decision in *United States v. C.R.* as "new evidence".  However, it is inescapable that Defendant Szeto offers this "new evidence" to attack the length of his incarceration, **not** his guilt as to the offenses charged.  If the motion is construed as a successive *habeas* petition under 28 U.S.C. § 2255(h)(1), it must fail because the decision in *United States v. C.R.* would have had absolutely no impact on Defendant Szeto's guilt, as required by Section 2255(h)(1).

3

The second option available to this Court is the option that the United States supports. Defendant Szeto's pending motion, which seeks to modify his term of incarceration, should be denied with prejudice as beyond the scope of Rule 60(b). *See Zebrowski*, *supra* at *2.

### IV.     *Defendant's Motion Should be Denied Pursuant to Fed.R.Civ.P. 60(b)*

While Rule 60(b) of the Federal Rules of Civil Procedure generally affords relief from *civil* judgments, Rule 60(b) relief may also be permitted in certain limited circumstances in a criminal context, such that it may be used to remedy a defect in a previous *habeas* proceeding. *See United States v. Zebrowski*, *supra* at *2, *citing Gonzalez v.* Crosby, 545 U.S. 524, 531-32 (2005), *Rodriguez v. Mitchell*, 252 F.3d 191, 198-200 (2d Cir. 2001).

If Defendant's Szeto's motion is to be liberally construed as a motion to set aside this Court's *habeas* denial "on the road to . . . invalidating the judgment of conviction", then the motion should be treated as any other Rule 60(b) motion. *Harris v. United States*, *supra* at 80, *quoting Rodriguez v. Mitchell*, *supra* at 191. Thus, applying the general standards for Rule 60 motions, it must first be noted that pursuant to Fed.R.Civ.P. 60(c)(1), a motion based on newly discovered evidence must be made "no more than a year after the entry of the judgment or order of the date of the proceeding." This Court's Ruling in *Sonny I. Szeto v. United States*, docket no. 3:09CV1443 (JCH), which denied the Defendant's Section 2255 motion, was issued on March 29, 2010 (doc. no. 25). Defendant's pending Rule 60(b) motion was filed on February 13, 2013, nearly two years *after* the Rule 60(c)(1) deadline had already expired. Thus, Defendant Szeto fails to the meet the Rule 60(c)(1) deadline and for this reason alone, his motion should be denied.

Setting aside Defendant Szeto's failure to comply with the Rule 60(c)(1) deadline, and turning to the merits of the argument, Defendant Szeto also fails to meet the standards for the extraordinary relief afforded by Rule 60(b)(2). Rule 60(b) provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> >
> > (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> >
> > (4) the judgment is void;
> >
> > (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> >
> > (6) any other reason that justifies relief.

When making application pursuant to Rule 60(b)(2), the Second Circuit has established a four-point test requiring the movant to show that "(1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001) (internal citations omitted).

Defendant Szeto fails to meet the first standard, which requires that any newly discovered evidence must have existed at the time of the dispositive proceeding, or in this case, at the time of the Ruling issued by this Court in the Section 2255 (which Defendant Szeto now seeks to set

aside through Rule 60(b)(2)). As previously noted, this Court's Ruling in *Sonny I. Szeto v. United States*, docket no. 3:09CV1443 (JCH) was issued on March 29, 2010 (doc. no. 25). The decision of *United States v. C.R.*, 792 F.Supp.2d 343 (E.D.N.Y. 2011) was not issued until May 16, 2011. Thus, not only did the decision in *United States v. C.R.* not exist at the time of this Court's Ruling denying Defendant Szeto's Section 2255 motion; but the *United States v. C.R.* decision would not exist for more than another year.

The second Rule 60(b)(2) standard, which required that Defendant Szeto be justifiably ignorant of the decision in *United States v. C.R.* despite diligent inquiry, cannot apply since that decision (as already discussed above) did not exist at the time of this Court's Ruling. Since the decision did not exist at the time of the Ruling, the decision could not have been discovered regardless of how diligent an effort was made.

The third Rule 60(b)(2) standard requires that the evidence must be admissible and of such importance that it probably would have changed the outcome. Defendant Szeto cannot meet his burden under this standard because a decision from another District Court, while often noteworthy, is not controlling authority on a sister court. Therefore, there can be no probability whatsoever that the decision in *United States v. C.R.* (if it had be rendered at the time of this Court's Ruling) would have changed the sentence imposed by this Court.

Lastly, even if the decision in *United States v. C.R.* existed at the time of Defendant Szeto's sentencing, at best, the decision would have been cumulative with all the other requisite sentencing factors duly considered by this Court when it imposed sentence. The decision in *United States v. C.R.*, to the extent it is considered as "new evidence", would need to be more than cumulative. Thus, Defendant Szeto has failed to meet his burden with respect to the Second Circuit's standards that could otherwise permit setting aside this Court's previous *habeas* Ruling.

## V. *Conclusion*

**WHEREFORE**, it is respectfully submitted that the Defendant's motion be denied with prejudice.

>Respectfully submitted,
>
>David B. Fein
>United States Attorney
>
>/s/
>
>Christine Sciarrino
>Assistant United States Attorney
>157 Church Street -25th Floor
>New Haven, Connecticut   06510
>Tel. (203) 821-3780/Fax (203) 773-5315
>Email: Christine.Sciarrino@usdoj.gov
>Federal No. CT3393

## Certification

I hereby certify that on April 12, 2013, a copy of the foregoing Memorandum was filed electronically and served by mail to anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/

Christine Sciarrino
Assistant United States Attorney