UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,, | : | |
|     Plaintiff, | : | CRIMINAL ACTION NO. |
| | : | 3:06-CR-55 (JCH) |
| v. | : | |
| | : | |
| SONNY I. SZETO | : | OCTOBER 24, 2013 |
|     Defendant. | : | |

**RULING RE: PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B)(Doc. No. 91)**

Defendant Sonny Szeto has filed a "Motion Pursuant to Fed. Rules of Civ. Procedure 60(b)" ("Rule 60(b) Mot.") (Doc. No. 91), requesting that the court vacate his judgment and resentence him, pursuant to Federal Rules of Civil Procedure 60(b)(2), due to the discovery of new evidence. Rule 60(b) Mot. at 3. Szeto submits excerpts from a 2011 decision of a district court in the Eastern District of New York, United States v. C.R., 792 F.Supp.2d 343 (E.D.N.Y. 2011), as "new evidence" requiring reconsideration of his sentence. Rule 60(b) Mot. at 3-7. Szeto appears to argue that the disparity between his sentence and the lesser sentence imposed in United States v. C.R—where the defendant was convicted of a crime similar to Szeto's crime and the district court's decision considered a psychological evaluation of the defendant—rises to a violation of Szeto's constitutional rights to due process and equal protection of the laws. Id. at 3-16.

As this Motion is untimely and fails to meet the standard for relief under Rule 60(b)(2) promulgated by the Second Circuit, it must be denied. Rule 60(c)(1) requires that motions under Rule 60(b)(2) be made "no more than a year after the entry of the

1

judgment or order . . . ." Fed. R. Civ. P. 60(c)(1).  This court denied Szeto's petition for habeas relief pursuant to 28 U.S.C. § 2255 on March 29, 2010.  Ruling Re: Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. No. 25).[1] Szeto filed his challenge to that Ruling[2] on February 13, 2013, over one year after the filing deadline set by Rule 60(c)(1).  For this reason alone, Szeto's Motion can be denied.

The Motion further fails to meet the substantive standard for Rule 60(b)(2) relief. The Second Circuit in United States v. Int'l Broth. of Teamsters, 247 F.3d 370 (2d Cir. 2001) has established that a motion under Rule 60(b)(2) must show that

> (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching.

247 F.3d at 392 (citation omitted).  Szeto's Motion fails to meet any of the four criteria. The United States v. C.R. decision that Szeto claims is "new evidence" was issued in 2011, a year after this court issued its Ruling on Szeto's habeas petition; thus, Szeto's "new evidence" did not exist at the time of the relevant dispositive proceeding.  Further, the second criterion of the Second Circuit test, requiring justifiable ignorance despite due diligence, cannot apply here since the decision did not yet exist:  the most diligent effort would not have discovered it.  Reserving the question of whether a judicial opinion

---

[1] Szeto's habeas petition and the court's Ruling on it are docketed under 3:09-CV-1443.

[2] The court construes Szeto's Motion as a motion to set aside the court's denial of habeas relief.  See Harris v. U.S., 367 F.3d 74, 77 (2d Cir. 2004).  The court declines to consider the Motion a second or successive habeas petition because, per title 28, United States Code, section 2255(h), such petitions must first be certified by "a panel of the appropriate court of appeals," before they can be pursued.

2

or the psychological evaluation of another defendant would have been admissible evidence in Szeto's habeas petition, it is highly unlikely that either would have changed the sentence imposed by the court. United States v. C.R. is not controlling authority,[3] and the psychological evaluation of a defendant in a different case is irrelevant to Szeto's own psychological profile

As Szeto's Motion is untimely and meets none of the criteria for relief from judgment under Rule 60(b)(2), it is **DENIED**.

**SO ORDERED.**

Dated at New Haven, Connecticut this 24th day of October, 2013.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

[3] United States v. C.R. is also unpersuasive, as it was recently vacated and remanded by the Second Circuit in U.S. v. Reingold, No. 11-2826-CR, 2013 WL 5356875 (2d Cir. Sept. 26, 2013).